**FILED**
DEC 0 4 2007 NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS P. ROZDELSKY, | |
| Plaintiff, | 07CV6815 |
| v. | JUDGE CONLON |
| | MAGISTRATE JUDGE SCHENKIER |
| AMERICAN SIGNATURE, INC., d/b/a VALUE CITY FURNITURE, | **Jury Trial Requested** |
| Defendant. | |

### COMPLAINT

NOW COMES Plaintiff, NICHOLAS P. ROZDELSKY, by and through his counsel, LISA KANE of LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, AMERICAN SIGNATURE, INC., d/b/a VALUE CITY FURNITURE, states as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for the violations of rights guaranteed to Plaintiff by the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 29 U.S.C. § 621 et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3. Venue is proper under 28 U.S.C. §1391 (b)(1) and (2).

## PARTIES

4.  Plaintiff, NICHOLAS P. ROZDELSKY, is a forty-five (45) year old United States citizen who resides in Illinois.

5.  Defendant, AMERICAN SIGNATURE, INC., d/b/a VALUE CITY FURNITURE, is a corporation properly recognized and sanctioned by the laws of the State of Ohio, and at all times did and continues to do, business in Illinois. Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 29 U.S.C. § 630(b), as Defendant has continuously and does now employ more than twenty (20) employees and is engaged in an industry that affects commerce.

## PROCEDURE

6.  Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on September 12, 2007. The EEOC issued Plaintiff a Notice of Right to Sue on November 26, 2007, which Plaintiff received on November 27, 2007. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

## COUNT I -- ADEA - AGE DISCRIMINATION

7.  Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8.  Plaintiff began working for Defendant in 1995 as an Assistant Manager. Since the inception of his employment, Plaintiff has received promotions to the positions of General Manager of Defendant's Rockford, Illinois store in 2004 and Defendant's Niles, Illinois store in 2005.

9.  Throughout his employment, Plaintiff has performed according to the reasonable

2

expectations of Defendant, as evidenced by his positive performance evaluations and merit-based bonuses.

10. Beginning in 2002, management and employees of Defendant have subjected Plaintiff to a continuous course of discriminatory treatment based on his age. Examples of such conduct follow.

11. In 2002, upon information and belief, Michael L. Valentine, a sales associate in his early thirties with only one (1) year of sales experience with Defendant, expressed a desire to become a Manager.

12. Pursuant to Mr. Valentine's request, Defendant assigned Plaintiff the task of training Valentine as an Assistant Manager.

13. Just seven (7) months after Plaintiff began to train Mr. Valentine for a managerial position, Defendant promoted Valentine to General Manager of its Calumet City, Illinois store.

14. Shortly after promoting Mr. Valentine to General Manager of its Calumet City store, Defendant assigned Plaintiff to be Mr. Valentine's Assistant Manager.

15. Over one (1) year following Mr. Valentine's promotion to General Manager, in August 2004, Defendant promoted Plaintiff to become the General Manager at its Rockford, Illinois store.

16. Plaintiff continued to advance through Defendant's ranks and in February 2005, Defendant further promoted Plaintiff to become the General Manager at its Niles, Illinois store.

17. After promoting Plaintiff to General Manager of the Niles store, Defendant required Plaintiff, who was living in Indiana, to move to Illinois in order to be near the Niles store. Pursuant to Defendant's request, Plaintiff sold his home, uprooted his family, and moved to Illinois.

18. On information and belief, Defendant did not require Plaintiff's similarly situated

3

General Managers in the region, who were younger and who also lived in Indiana, to move in-state to be near their Illinois store locations.

19. Plaintiff successfully managed the Niles store from February 2005 through August 17, 2007, being, on information and belief, one (1) of only three (3) Illinois general managers who managed their store profitably, in contrast to Defendant's other Chicago area stores which operated at deficits.

20. On August 17, 2007, Mr. Valentine, who had since been promoted to Chicago Market Manager, informed Plaintiff that Defendant had decided to transfer Plaintiff immediately to its Arlington Heights, Illinois store.

21. In contrast to Plaintiff's successfully-managed and profitable Niles store, the Arlington Heights store was the worst performing store in Illinois and was widely believed to be scheduled to close.

22. Further, the Arlington Heights store is used primarily as a display location and does not have a warehouse, substantially impairing the location's sales capabilities as the majority of customer orders would have to be dispatched from another facility which would get credit for the sale.

23. On information and belief, Defendant planned to transfer Plaintiff to its Arlington Heights store to either substantiate a decision to terminate Plaintiff's employment or to provide more favorable opportunities for younger General Managers in the region, who were not required to transfer to the Arlington Heights store despite substandard performances in comparison to Plaintiff.

24. Plaintiff, surprised by the sudden directive to transfer to the Arlington Heights store, asked Mr. Valentine for time to consider whether to accept the transfer, during which Plaintiff would use his accumulated vacation time.

25. The next day, on August 18, 2007, Plaintiff sent an e-mail to David Dowty, Defendant's Regional Human Resource Manager, to schedule a meeting about his forced transfer to Arlington Heights.

26. Plaintiff subsequently called Regional Human Resources Manager Dowty three (3) times on August 20, 2007, but Dowty did not accept or return any of Plaintiff's calls.

27. Following his failed attempts to contact Mr. Dowty, Plaintiff called Hyman Albritton, Defendant's Director of Human Resources, to discuss the proposed transfer to Arlington Heights. Although Director of Human Resources Albritton stated that he would rigorously investigate Plaintiff's claims, no member of Defendant contacted Plaintiff again and, on information and belief, no substantive action was taken to investigate Plaintiff's complaints.

28. Defendant's attempted transfer of Plaintiff to a failing and closing store location with limited career opportunities and refusing to contact Plaintiff following his complaints resulted in a constructive termination of Plaintiff's employment with Defendant.

29. On information and belief, Defendant has replaced Plaintiff at the Niles store location with a younger General Manager with substantially less experience and qualifications than Plaintiff.

30. Any reasons proffered by Defendant for constructively terminating Plaintiff's employment and treating similarly situated, substantially younger employees more favorably than Plaintiff are pretext for discriminating against Plaintiff because of his age, forty-five (45).

31. The aforementioned acts and omissions of Defendant constitute unlawful and intentional discrimination against Plaintiff because of his age, 45 years old, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.

32. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone

wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NICHOLAS P. ROZDELSKY prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of age;

C. Order Defendant to make whole NICHOLAS P. ROZDELSKY by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to NICHOLAS P. ROZDELSKY;

E. Grant Plaintiff actual, consequential, liquidated and any other damages that the Court may deem appropriate against Defendant;

F. Grant Plaintiff his attorney fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

33. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,
NICHOLAS P. ROZDELSKY, Plaintiff,


By: _____
Lisa Kane, Attorney for Plaintiff


LISA KANE & ASSOCIATES
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, IL 60603
(312) 606-0383
Attorney Code No. 06203093

7

## Verification

I, Nick P. Rozdelsky, declare under penalty of perjury that the foregoing is true and correct.

Executed on November 16, 2007.

*Nick P. Rozdelsky*
Nick P. Rozdelsky