IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS P. ROZDELSKY, | : |
| Plaintiff, | : Case No. 07CV6815 |
| v. | : |
| | : Judge Conlon |
| AMERICAN SIGNATURE, INC. DBA VALUE CITY FURNITURE, | : |
| | : Magistrate Judge Schenkier |
| Defendant. | : |

**FIRST AMENDED ANSWER OF DEFENDANT AMERICAN SIGNATURE, INC.**

NOW COMES the Defendant, American Signature, Inc., doing business as Value City Furniture, (referred to hereinafter as "American Signature") by and through counsel and, for its First Amended Answer to the Complaint of Plaintiff Nicholas P. Rozdelsky ("Plaintiff"), does hereby make the following admissions, denials, other responses, and affirmative defenses:

**PRELIMINARY STATEMENT**

**COMPLAINT ¶ 1:**

This is an action seeking redress for the violations of rights guaranteed to Plaintiff by the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

**ANSWER:**

In response to Paragraph 1 of Plaintiff's Complaint, American Signature admits that Plaintiff purports to bring an action pursuant to the Age Discrimination in Employment Act of 1967, and that Plaintiff seeks relief and damages to redress same, but denies that Plaintiff is entitled to any relief or damages. American Signature denies each and every remaining allegation contained in Paragraph 1.

1-CH/208444.1

## JURISDICTIONAL STATEMENT

**COMPLAINT ¶ 2:**

Jurisdiction of the court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 29 U.S.C. § 621 et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

American Signature admits the Court has jurisdiction over this matter and admits that Plaintiff purports to seek declaratory relief. American Signature denies Plaintiff is entitled to declaratory relief and further denies each and every remaining allegation contained in Paragraph 2 of Plaintiff's Complaint.

## VENUE

**COMPLAINT ¶ 3:**

Venue is proper under 28 U.S.C. §1391 (b)(1) and (2).

**ANSWER:**

American Signature admits venue is proper in this Court.

## PARTIES

**COMPLAINT ¶ 4:**

Plaintiff, NICHOLAS P. ROZDELSKY, is a forty-five (45) year old United States citizen who resides in Illinois.

**ANSWER:**

Based on information and belief, American Signature admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

**COMPLAINT ¶ 5:**

Defendant, AMERICAN SIGNATURE, INC., d/b/a VALUE CITY FURNITURE, is a corporation properly recognized and sanctioned by the laws of the State of Ohio, and at all times did and continues to do, business in Illinois. Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 29 U.S.C. § 630(b), as Defendant has continuously and does now employ more than twenty (20) employees and is engaged in an industry that affects commerce.

**ANSWER:**

American Signature admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## PROCEDURE

**COMPLAINT ¶ 6:**

Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on September 12, 2007. The EEOC issued Plaintiff a Notice of Right to Sue on November 26, 2007, which Plaintiff received on November 27, 2007. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

**ANSWER:**

American Signature admits the allegations in the first, third and fourth sentences of Paragraph 6 of Plaintiff's Complaint. American Signature further admits that the Notice of Right to Sue was issued on November 26, 2007. American Signature is without knowledge or information sufficient to form a belief as to the date upon which Plaintiff received the Notice.

## COUNT ONE – ADEA – AGE DISCRIMINATION

**COMPLAINT ¶ 7:**

Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:**

In response to Paragraph 7 of Plaintiff's Complaint, American Signature incorporates the admissions, denials and other responses contained in Paragraphs 1 through 6 of this Answer as if fully restated herein.

**COMPLAINT ¶ 8:**

Plaintiff began working for Defendant in 1995 as an Assistant Manager. Since the inception of his employment, Plaintiff has received promotions to the positions of General Manager of Defendant's Rockford, Illinois store in 2004 and Defendant's Niles, Illinois store in 2005.

**ANSWER:**

American Signature admits the allegations in the first sentence of Paragraph 8 of Plaintiff's Complaint. American Signature further states that Plaintiff was promoted to Store Manager and worked in the Rockford, Illinois Store in 2004. American Signature also states that Plaintiff worked as a Store Manager in its Niles, Illinois Store beginning in 2005. American Signature denies each and every remaining allegation contained in Paragraph 8.

**COMPLAINT ¶ 9:**

Throughout his employment, Plaintiff has performed according to the reasonable expectations of Defendant, as evidenced by his positive performance evaluations and merit-based bonuses.

**ANSWER:**

American Signature denies each and every allegation contained in Paragraph 9 of Plaintiff's Complaint.

**COMPLAINT ¶ 10:**

Beginning in 2002, management and employees of Defendant have subjected Plaintiff to a continuous course of discriminatory treatment based on his age. Examples of such conduct follow.

**ANSWER:**

American Signature denies each and every allegation contained in Paragraph 10 of Plaintiff's Complaint.

**COMPLAINT ¶ 11:**

In 2002, upon information and belief, Michael L. Valentine, a sales associate in his early thirties with only one (1) year of sales experience with Defendant, expressed a desire to become a Manager.

**ANSWER:**

American Signature denies each and every allegation contained in Paragraph 11 of Plaintiff's Complaint.

**COMPLAINT ¶ 12:**

Pursuant to Mr. Valentine's request, Defendant assigned Plaintiff the task of training Valentine as an Assistant Manager.

**ANSWER:**

American Signature denies each and every allegation contained in Paragraph 12 of Plaintiff's Complaint.

**COMPLAINT ¶ 13:**

Just seven (7) months after Plaintiff began to train Mr. Valentine for a managerial position, Defendant promoted Valentine to General Manager of its Calumet City, Illinois store.

**ANSWER:**

In response to Paragraph 13 of Plaintiff's Complaint, American Signature states that Mike Valentine served as a Store Manager in the Calumet City Store, but denies each and every remaining allegation contained in Paragraph 13.

**COMPLAINT ¶ 14:**

Shortly after promoting Mr. Valentine to General Manager of its Calumet City store, Defendant assigned Plaintiff to be Mr. Valentine's Assistant Manager.

**ANSWER:**

In response to Paragraph 14 of Plaintiff's Complaint, American Signature states that Plaintiff was an Assistant Manager in the Calumet City Store during a time when Mike Valentine

was Store Manager of the same store. American Signature denies each and every remaining allegation contained in Paragraph 14.

**COMPLAINT ¶ 15:**

Over one (1) year following Mr. Valentine's promotion to General Manager, in August 2004, Defendant promoted Plaintiff to become the General Manager at its Rockford, Illinois store.

**ANSWER:**

In response to Paragraph 15 of Plaintiff's Complaint, American Signature states that Plaintiff was promoted to Store Manager of the Rockford, Illinois Store in August 2004, but denies each every remaining allegation contained in Paragraph 15.

**COMPLAINT ¶ 16:**

Plaintiff continued to advance through Defendant's ranks and in February 2005, Defendant further promoted Plaintiff to become the General Manager at its Niles, Illinois store.

**ANSWER:**

In response to Paragraph 16 of Plaintiff's Complaint, American Signature states that Plaintiff was assigned Store Manager of the Niles, Illinois Store in February 2005, but denies each every remaining allegation contained in Paragraph 16.

**COMPLAINT ¶ 17:**

After promoting Plaintiff to General Manager of the Niles store, Defendant required Plaintiff, who was living in Indiana, to move to Illinois in order to be near the Niles store. Pursuant to Defendant's request, Plaintiff sold his home, uprooted his family, and moved to Illinois.

**ANSWER:**

American Signature denies each and every allegation contained in Paragraph 17 of Plaintiff's Complaint.

**COMPLAINT ¶ 18:**

On information and belief, Defendant did not require Plaintiff's similarly situation General Managers in the region, who were younger and who also lived in Indiana, to move in-state to be near their Illinois store locations.

**ANSWER:**

In response to Paragraph 18 of Plaintiff's Complaint, American Signature states that it did not force any manager, regardless of age, to move to Illinois to be closer to any Value City Furniture store.

**COMPLAINT ¶ 19:**

Plaintiff successfully managed the Niles store from February 2005 through August 17, 2007, being, on information and belief, one (1) of the only three (3) Illinois general managers who managed their store profitably, in contrast to Defendant's other Chicago area stores which operated at deficits.

**ANSWER:**

American Signature admits Plaintiff worked as Store Manager in the Niles, Illinois Store from approximately February 2005 through August 17, 2007, but denies each and every remaining allegation contained in Paragraph 19 of Plaintiff's Complaint.

**COMPLAINT ¶ 20:**

On August 17, 2007, Mr. Valentine who had since been promoted to Chicago Market Manager, informed Plaintiff that Defendant had decided to transfer Plaintiff immediately to its Arlington Heights, Illinois store.

**ANSWER:**

In response to Paragraph 20 of Plaintiff's Complaint, American Signature states that on August 17, 2007, Mike Valentine, Market Manager, informed Plaintiff that his performance was an issue and that a possible solution was his transfer to a lower-volume store, maybe the Arlington Heights, Illinois store. American Signature denies each and every remaining allegation contained in Paragraph 20.

**COMPLAINT ¶ 21:**

In contrast to Plaintiff's successfully-managed and profitable Niles store, the Arlington Heights store was the worst performing store in Illinois and was widely believed to be scheduled to close.

**ANSWER:**

American Signature denies each and every allegation contained in Paragraph 21 of Plaintiff's Complaint.

**COMPLAINT ¶ 22:**

Further the Arlington Heights store is used primarily as a display location and does not have a warehouse, substantially impairing the location's sales capabilities as the majority of customers orders would have to be dispatched from another facility which would get credit for the sale.

**ANSWER:**

In response to Paragraph 22 of Plaintiff's Complaint, American Signature responds that the Arlington Heights Store does not have a warehouse, that customer orders are dispatched from a different store, and that the dispatching store receives some credit. American Signature denies each and every remaining allegation contained in Paragraph 22.

**COMPLAINT ¶ 23:**

On information and belief, Defendant planned to transfer Plaintiff to its Arlington Heights store to either substantiate a decision to terminate Plaintiff's employment or to provide more favorable opportunities for younger General Managers in the region, who were not required to transfer to the Arlington Heights store despite substandard performances in comparison to Plaintiff.

**ANSWER:**

American Signature denies each and every allegation contained in Paragraph 23 of Plaintiff's Complaint.

**COMPLAINT ¶ 24:**

Plaintiff, surprised by the sudden directive to transfer to the Arlington Heights store, asked Mr. Valentine for time to consider whether to accept the

transfer, during which Plaintiff would use his accumulated vacation time.

**ANSWER:**

American Signature denies each and every allegation contained in Paragraph 24 of Plaintiff's Complaint.

**COMPLAINT ¶ 25:**

The next day, on August 18, 2007, Plaintiff sent an email to David Dowty, Defendant's Regional Human Resource Manager, to schedule a meeting about his forced transfer to Arlington Heights.

**ANSWER:**

American Signature is without knowledge or information sufficient to form a belief as to whether Plaintiff sent David Dowty an email on August 18, 2007. American Signature denies each and every remaining allegation contained in Paragraph 25 of Plaintiff's Complaint.

**COMPLAINT ¶ 26:**

Plaintiff subsequently called Regional Human Resources Manager Dowty three (3) times on August 20, 2007, but Dowty did not accept or return any of Plaintiff's calls.

**ANSWER:**

American Signature is without knowledge or information sufficient to form a belief as to whether or when Plaintiff attempted to call Regional Human Resources Manager David Dowty, but denies each and every remaining allegation contained in Paragraph 26 of Plaintiff's Complaint.

**COMPLAINT ¶ 27:**

Following his failed attempts to contact Mr. Dowty, Plaintiff called Hyman Albritton, Defendant's Director of Human Resources, to discuss the proposed transfer to Arlington Heights. Although Director of Human Resources Albritton stated that he would rigorously investigate Plaintiff's claims, no member of Defendant contacted Plaintiff again and, on information and belief, no substantive action was taken to investigate Plaintiff's complaints.

**ANSWER:**

In response to Paragraph 27 of Plaintiff's Complaint, American Signature states that Plaintiff spoke with Human Resources Director Hyman Albritton regarding a possible transfer to Arlington Heights and Plaintiff's voluntary termination, and that Mr. Albritton indicated that he would look into the transfer and voluntary termination. American Signature denies each every remaining allegation contained in Paragraph 27 of Plaintiff's Complaint.

**COMPLAINT ¶ 28:**

Defendant's attempted transfer of Plaintiff to a failing and closing store location with limited career opportunities and refusing to contact Plaintiff following his complaints resulted in a constructive termination of Plaintiff's employment with Defendant.

**ANSWER:**

American Signature denies each and every allegation contained in Paragraph 28 of Plaintiff's Complaint.

**COMPLAINT ¶ 29:**

On information and belief, Defendant has replaced Plaintiff at the Niles store location with a younger General Manager with substantially less experience and qualifications than Plaintiff.

**ANSWER:**

In response to Paragraph 29 of Plaintiff's Complaint, American Signature admits that the current Store Manager of the Niles, Illinois Store is younger than Plaintiff, but states that he is more than age 40. American Signature denies each and every remaining allegation contained in Paragraph 29.

**COMPLAINT ¶ 30:**

Any reasons proffered by Defendant for constructively terminating Plaintiff's employment and treating similarly situated, substantially younger employees more favorably than Plaintiff are pretext for discriminating against Plaintiff because of his age, forty-five (45).

**ANSWER:**

American Signature denies each and every allegation contained in Paragraph 30 of Plaintiff's Complaint.

**COMPLAINT ¶ 31:**

The aforementioned acts and omissions of Defendant constitute unlawful and intentional discrimination against Plaintiff because of his age, 45 years old, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.

**ANSWER:**

American Signature denies each and every allegation contained in Paragraph 31 of Plaintiff's Complaint.

**COMPLAINT ¶ 32:**

As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and benefits.

**ANSWER:**

American Signature denies each and every allegation contained in Paragraph 32 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

1. American Signature denies Plaintiff is entitled to the remedies prayed for in the PRAYER FOR RELIEF.

## ADDITIONAL DEFENSES

1. Plaintiff's claims are barred, in whole or in part, by his failure to mitigate his alleged damages, if any.

2. American Signature has policies in place prohibiting all forms of discrimination against individuals in categories protected by state and federal civil rights law, and providing

procedures for effective and immediate redress and resolution of all such matters. Plaintiff failed to utilize such procedures and/or American Signature promptly and adequately responded to any complaints of discrimination registered by Plaintiff.

3. Plaintiff's claim for liquidated damages is barred because the alleged acts or omissions of Defendant do not rise to the level required to sustain an award of liquidated damages. Defendant did not act willfully and did not act with reckless disregard for whether its conduct violated the ADEA.

4. Plaintiff voluntarily terminated his position.

5. Plaintiff was replaced by an individual in the same protected category as Plaintiff and who is about five years younger than Plaintiff.

**WHEREFORE**, Defendant American Signature, Inc., having fully answered Plaintiff's Complaint, prays that judgment be entered in its favor and against Plaintiff, or alternatively, that Plaintiff's claims be dismissed with prejudice, and that Defendant be permitted to recover its costs incurred herein, including reasonable attorney's fees.

                                                  Respectfully submitted:

                                                  /s/ Nina G. Stillman
                                                  Stacia Marie Jones *(admitted pro hac vice)*
                                                  VORYS, SATER, SEYMOUR AND PEASE LLP
                                                  52 E. Gay Street, P.O. Box 1008
                                                  Columbus, OH 43216-1008
                                                  Telephone: 614.464.6400
                                                  Facsimile: 614.719.5138
                                                  Email: smjones@vorys.com

                                                  Nina G. Stillman
                                                  MORGAN, LEWIS & BOCKIUS LLP
                                                  77 West Wacker Drive, Fifth Floor

Chicago, IL  60601
Telephone:  (312) 324-1000
Fax:  (312) 324-1001


Attorneys for Defendant
American Signature, Inc. dba Value City Furniture

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2008, a copy of the foregoing First Amended Answer of Defendant was filed using the Court's electronic system. Notice of filing will be sent by operation of the Court's electronic filing system to the following:

> Lisa Kane, Esq. (06203093)
> Lisa Kane & Associates
> 120 South LaSalle Street, Suite 1420
> Chicago, IL 60603
> (312) 606-0383
>
> Attorney for Plaintiff

/s/ Nina G. Stillman
Nina G. Stillman
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
Telephone: (312) 324-1000
Fax: (312) 324-1001

Attorney for Defendant American Signature, Inc. dba Value City Furniture